UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MENDY BROTHERS, LLC, ET AL.                    CIVIL ACTION

VERSUS                                                        NO. 16-14290

PARKWAY REALTY, INC., ET AL.               SECTION "R" (3)


**ORDER AND REASONS**

This matter is before the Court on a Rule to Show Cause as to whether the Court has subject matter jurisdiction in this case.  The Rule to Show Cause was submitted on the briefs after the parties were afforded an opportunity to submit written memoranda.  For the following reasons, the Court finds that it lacks subject matter jurisdiction, and dismisses the matter without prejudice.


I.    BACKGROUND

This lawsuit arises out of a property dispute.  According to plaintiffs, Edward Mendy sought to purchase two pieces of property in New Orleans, Louisiana.[1]  Plaintiffs allege that despite having contractual agreements to

---

[1]        R. Doc. 32 at 2.

purchase both pieces of property, defendants conspired to defraud plaintiffs and to breach the property contracts.[2]

Plaintiffs filed this lawsuit in federal court on August 30, 2016. According to plaintiff's complaint, jurisdiction lies under the federal question jurisdiction statute, 28 U.S.C. § 1331.[3]  More specifically, plaintiffs allege jurisdiction based on violations of the Mail and Wire Fraud Statutes, 18 U.S.C. §§ 1341 and 1343.

## II.   LEGAL STANDARD

Federal courts are courts of limited jurisdiction and possess power over only those cases authorized by the United States Constitution and federal statutes.  *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996).  If a district court lacks jurisdiction over the subject matter of a plaintiff's claims, dismissal is required.  *See* Fed. R. Civ. P. 12(b)(1).  The lack of subject matter jurisdiction may be raised at any time during pendency of the case by any party or by the court.  *See Kontrick v. Ryan*, 540 U.S. 443, 456 (2004) ("A litigant generally may raise a court's lack of subject-matter jurisdiction at any time in the same civil action, even initially at the highest appellate instance."); *McDonal v.*

---

[2]      *Id.* at 2-3.
[3]      R. Doc. 1 at 2 ¶ 2.

*Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("[A]ny federal court may raise subject matter jurisdiction sua sponte.").  A court's dismissal of a case for lack of subject matter jurisdiction is not a decision on the merits, and the dismissal does not ordinarily prevent the plaintiff from pursuing the claim in another forum.  *See Hitt v. City of Pasedena*, 561 F.2d 606, 608 (5th Cir. 1977).

A court has federal question jurisdiction when the plaintiff's claim arises under the Constitution, laws, or treaties of the United States.  28 U.S.C. § 1331.  A claim arises under federal law when federal law creates the cause of action.  *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005).  When "a private citizen relies on a federal statute as the basis of federal question jurisdiction, that statute must provide a private cause of action, or else a federal court will not have subject matter jurisdiction to hear the dispute."  *Lowe v. ViewPoint Bank*, 972 F. Supp. 2d 947, 954 (N.D. Tex. 2013) (citing *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 817 (1986)).

## III.   DISCUSSION

### A.   Asserted Basis of Jurisdiction

Plaintiffs premise federal question jurisdiction on alleged violations of the federal wire and mail fraud statutes, 18 U.S.C. §§ 1341 and 1343.  These are criminal statutes that make mail fraud (section 1341) and wire fraud (section 1343) illegal.  Unless explicitly provided for in the statute, violations of criminal statutes do not provide a private right of action.  *See Ali v. Shabazz*, 8 F.3d 22, 1993 WL 456323, at *1 (5th Cir. Oct. 28, 1993) (quoting *Cort v. Ash*, 422 U.S. 66, 79 (1975)); *Lopez v. Dallas Ministry Center*, No. 12-0606, 2012 WL 1413526, at *2 (N.D. Tex. Mar. 9, 2012).  As acknowledged by plaintiffs in their response,[4] neither 18 U.S.C. § 1341, nor 18 U.S.C. § 1343, provides for a private cause of action, and therefore cannot supply a basis for federal question jurisdiction.  *See Napper v. Anderson, Henley, Shields, Bradford and Pritchard*, 500 F.2d 634, 636 (5th Cir. 1974) ("The wire fraud act, 18 U.S.C. § 1343, . . . evidences no intent of Congress to grant additional federal question jurisdiction in civil cases."); *Bell v. Health-Mor, Inc.* 549 F.2d 342, 346 (5th Cir. 1977) (no private right of action under 18 U.S.C. § 1341); *Gilbert v. Bartel*, 273 F. App'x 413, 413-14 (5th Cir. 2008) (finding no

---

[4]   R. Doc. 32 at 7.

federal question subject matter jurisdiction under both 18 U.S.C. §§ 1341 and 1343 in civil case).

Plaintiffs' response to the Show Cause Order acknowledges that as pleaded, their complaint does not adequately allege federal question jurisdiction.  Instead, plaintiffs argue that the Court should either liberally interpret the allegations in their complaint to find jurisdiction under the Civil RICO statute, 18 U.S.C. § 1961, *et seq,* or, in the alternative, grant plaintiffs leave to amend their complaint.[5]   Given the Fifth Circuit's admonition against extending RICO to any and all commercial disputes with allegations of fraud, the Court will not interpret a complaint that lacks any specific mention of the necessary elements of a civil RICO claim to allege a civil RICO violation.[6]  *See Calcasieu Marine Nat. Bank v. Grant*, 943 F.2d 1453, 1463 (5th Cir. 1991) (noting that "although Congress wrote RICO in broad, sweeping terms it did not intend to extend RICO to every fraudulent commercial transaction") (citing *Delta Truck & Tractor, Inc. v. J.I. Case Co.*, 855 F.2d 241, 242 (5th Cir. 1988).

---

[5]     *Id.* at 4, 7.

[6]     For example, plaintiffs' complaint makes no mention of any enterprise, or any pattern of racketeering activity as defined by 18 U.S.C. § 1961(1).

## B. Leave to Amend

Plaintiffs' response to the Show Cause Order also requests leave to amend their complaint to assert a federal RICO cause of action. Usually, a court's lack of subject matter jurisdiction negates that court's authority to allow a plaintiff to amend his or her complaint. *See Whitmire v. Victus Ltd.*, 212 F.3d 885, 888 (5th Cir. 2000) (noting that if a court lacks subject matter jurisdiction, it never had "power to act in the matter, [and] the court never had authority to permit an amendment to the complaint") (citation omitted). Nevertheless, 28 U.S.C. § 1653 provides that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." Though plaintiffs' response to the Show Cause Order does not mention section 1653, the Court must ascertain if it applies to permit plaintiffs' request.

The Supreme Court has explained that section 1653 "addresses only incorrect statements about jurisdiction that actually exists, and not defects in the jurisdictional facts themselves." *Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 831 (1989). The Fifth Circuit has "repeatedly noted that [s]ection 1653 is to be broadly construed to avoid dismissals of actions on purely 'technical' or 'formal' grounds." *Whitmire*, 212 F.23d at 887 (citing *Miller v. Stanmore*, 636 F.2d 986, 990 (5th Cir. 1981)). But the Fifth Circuit

6

has also cautioned against allowing parties to use section 1653 "to retroactively create subject matter jurisdiction." *Id.* In other words, while section 1653 permits a plaintiff to amend his or her pleadings to assert the correct jurisdictional basis when jurisdiction already exists, it does not "empower federal courts to amend a complaint so as to produce jurisdiction where none actually existed before." *Newman-Green*, 490 U.S. at 831; *see also In re Katrina Banal Breaches Litig.*, 342 F. App'x 928, 931 (5th Cir. 2009).

Therefore, the Court can allow plaintiffs to amend their complaint only if the amendment sought is of the "technical" or "formal" variety under section 1653. Circuit precedent shows that an amendment complies with section 1653 when it clarifies the citizenship of parties for diversity jurisdiction purposes. *See Arena v. Graybar Elec. Co. Inc.*, 669 F.3d 214, 224-25 (5th Cir. 2012); *Nadler v. Am. Motors Sales Corp.*, 764 F.2d 409, 413 (5th Cir. 1985). The Fifth Circuit has also held that a plaintiff may amend his or her complaint to allege facts showing that diversity jurisdiction existed as an alternative basis for subject matter jurisdiction when the original complaint asserted only federal question jurisdiction. *Whitmire*, 212 F.3d at 888. In these situations, the Fifth Circuit found that the amendments would not "create jurisdiction where it did not previously exist." *Id.*

7

The Fifth Circuit has rejected plaintiffs' attempt to invoke section 1653 to reassert federal claims as a basis for federal question jurisdiction when those claims had been previously dropped from the complaint. *Boelens v. Redman Homes, Inc.*, 759 F.2d 504, 512 (5th Cir. 1985). More recently, the Fifth Circuit found that it lacked jurisdiction over plaintiffs' amended complaint asserting an entirely new federal claim against a new defendant. *In Re Katina*, 342 F. App'x at 931-32. The Fifth Circuit found these amendments to be impermissible attempts to "'create an entirely new jurisdictional basis to provide competence in a court which lacked authority over the case ab initio.'" *Id.* at 931 (quoting *Falise v. Am. Tobacco Co.*, 241 B.R. 63, 67 (E.D.N.Y. 1999)).[7] Additionally, the Second Circuit has found that that section 1653, "even liberally construed, does not allow a plaintiff to amend its complaint to substitute a new cause of action over which there is subject-matter jurisdiction for one in which there is not." *Advani Enterprises, Inc. v. Underwriters at Lloyds*, 140 F.3d 157, 161 (2d Cir. 1998)

---

[7]     The Court acknowledges that *Sessions v. Rusk State Hospital* suggests that when a court lacks subject matter jurisdiction over a complaint, it may allow an amendment to state a new federal cause of action over which the court would have jurisdiction. 648 F.2d 1066, 1070 (5th Cir. 1981) (citing *Stanley v. Central Intelligence Agency*, 639 F.2d 1146, 1159-60 (5th Cir. 1981)). Given that *Sessions* does not mention section 1653, came out before the Supreme Court clarified the scope of section 1653 in *Newman-Green*, and conflicts with multiple, more recent Fifth Circuit opinions, the Court does not find *Sessions* controlling.

8

(citing *Pressroom Unions-Printers League Income Sec. Fund v. Contintental Assurance Co.*, 700 F.2d 889, 893 (2d Cir. 1983)).

Finally, other district courts—including one in this district—that have faced the question of whether section 1653 allows amendment of a complaint to add a federal RICO violation where none was initially pleaded and where no other basis of subject matter jurisdiction exists, have answered the question in the negative. In *Sumpter v. Hungerford*, the court addressed if section 1653 allowed an amendment to assert a RICO cause of action when jurisdiction was originally predicated on defective subject matter jurisdiction. No. 12-717, 2014 WL 3401093, at *2-5 (E.D. La. July 11, 2014). The court found that adding a new federal cause of action was not a formal or technical fix, but was an attempt to create jurisdiction where it did not previously exist. *Id.* at *5. Therefore, section 1653 was inapplicable. Other courts facing nearly identical questions have come to the same conclusion. *See Sharp v. Town of Kitty Hawk, N.C.*, No. 11-13, 2011 WL 3269416, at *1-3 (E.D.N.C. July 29, 2011) (rejecting application of section 1653 to allow amendment of complaint to assert RICO claim because it would be "entirely new basis of subject matter jurisdiction which was not evident from the allegations of her original complaint"); *Falise*, 241 B.R. at 67 (same); *Broad*

9

*v. DKP Corp.*, No. 97-2029, 1998 WL 516113, at *5-7 (S.D.N.Y. Aug. 19, 1998).

Thus, what plaintiffs seek here is not a "technical" or "formal" amendment, but to add an entirely new jurisdictional basis for the Court to hear their complaint.  Plaintiffs' complaint and the allegations contained within it do not suggest that jurisdiction is based on violation of the RICO statute.  The complaint contains no allegations that an ongoing enterprise was involved in a pattern of racketeering activity within the meaning of the RICO statute.  In fact, it does not even mention the statute.  Further, plaintiffs did not comply with this district's RICO standing order,[8] requiring plaintiffs asserting RICO claims to file within 20 days a RICO case statement. Thus, it cannot be said that plaintiffs' complaint showed any indication of pleading a RICO cause of action.  *See Sharp*, 2011 WL 3269416, at *3; *cf. Advani*, 140 F.3d at 161-62 (allowing amendment asserting new theory of subject-matter jurisdiction because basis of jurisdiction was "apparent from face of the complaint").  Indeed, plaintiffs' complaint is more indicative of an intent to avoid the complex strictures of the RICO statute.  Instead of attempting to fix a technical or formal defect, application of section 1653

---

[8]     E.D. La. Civ. R. *Rico Standing Order*. Available at http://www.laed.uscourts.gov/sites/default/files/general-orders/RICO%20Standing%20Order.pdf.

would impermissibly create subject-matter jurisdiction retroactively.  As the caselaw establishes, this strategy has been routinely rejected, and shall be rejected here as well.[9]  *See, e.g., Falise*, 241 B.R. at 67.

Therefore, the Court denies plaintiffs' request to amend the complaint. Thus, as the Court lacks subject matter jurisdiction, plaintiffs' complaint must be dismissed.

## IV.   CONCLUSION

For the foregoing reasons, plaintiffs' complaint is DISMISSED WITHOUT PREJUDICE.  All other pending motions in this matter are DENIED AS MOOT.

New Orleans, Louisiana, this ___2nd__ day of March, 2017.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[9]     Plaintiffs cannot amend their complaint as a matter of course because they have already amended their complaint once, and the deadline to amend their complaint as a matter of course has passed.

11